811 F.2d 606
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sylvia MOORHEAD, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-3802.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1986.
 
 Before LIVELY, Chief Judge, and KEITH and MERRITT, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff appeals from the final order affirming the Secretary's decision denying her application for social security benefits. The parties waived oral argument and the case was submitted on briefs and the administrative record. The plaintiff is proceeding pro se.
 
 
 2
 The plaintiff filed an application for benefits on October 7, 1980 and after her application was denied on the basis of a recommended decision of an administrative law judge, the district court remanded the case to the Secretary for further inquiry into plaintiff's emotional problems. Following the remand, a second administrative law judge conducted a hearing and thereafter issued a decision in which he found that plaintiff was not disabled within the meaning of the Act and was not entitled to benefits. This became the final decision of the Secretary and was ultimately affirmed on appeal to the district court.
 
 
 3
 Although plaintiff claims disability from arthritis affecting her back, legs, feet and arms, the primary emphasis is on her claim of emotional disability resulting from acute depression. After plaintiff began experiencing pain and numbness in her lower back and left leg, she submitted to surgery for a herniated disc. The surgeon reported that the plaintiff did well following surgery and that most of her pain disappeared, although her discharge diagnosis included osteoarthritis of the lumbar spine. Conservative treatment was resumed but plaintiff continued to complain of pain and weakness in her left leg. Post-operative X-rays showed no degenerative arthritis, but a treating physician noted that plaintiff suffered from obesity and that concern for her physical condition caused depression.
 
 
 4
 At the request of her attorney the plaintiff was evaluated by a clinical psychologist who concluded that she was suffering from reactive depression and that "she will be precluded from performing substantial gainful employment for the remainder of her years." Plaintiff was 53 years of age when this impression was recorded.
 
 
 5
 The Secretary's denial of benefits was based upon finding that plaintiff failed to establish that she suffered from a severe impairment. We agree. Although there was evidence of osteoarthritis and depression, the plaintiff did not carry her burden of showing that either condition or a combination produced an impairment which would significantly limit her ability to perform basic work-related activities. Having failed to establish this level of impairment, plaintiff was not entitled to benefits. The opinion of one doctor that plaintiff would not be able to perform substantial gainful employment for the rest of her years was not supported by any of the other medical evidence, including that of her last treating physician, Dr. Johnson, who declined to offer a definite prognosis.
 
 
 6
 On the entire record we conclude that the Secretary's decision is supported by substantial evidence. Accordingly, the judgment of the district court is affirmed.